IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL J. EHRHARDT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00626-JPG |
| | ) |
| **MENARD CORRECTIONAL STAFF,** | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a parolee who was previously incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He has also filed a motion for leave to proceed *in forma pauperis* (Doc. 2). Plaintiff claims that Menard's correctional staff violated his Eighth Amendment rights by causing him to sustain physical injuries during a transfer within the prison (Doc. 1, pp. 9-10). Plaintiff seeks compensatory damages (Doc. 1, p. 11).

## **The Complaint**

The allegations in Plaintiff's complaint are succinct (Doc. 1, pp. 9-10). He alleges that Menard correctional staff acted with deliberate indifference by: 1) forcing Plaintiff to walk barefoot across hot concrete; 2) hitting Plaintiff in the head while he was cuffed behind his back; 3) refusing Plaintiff's repeated requests for medical treatment for the resulting injuries; and 4) providing false information about the incident in a disciplinary report.

A grievance attached to Plaintiff's complaint provides additional details[1] (Doc. 1, pp. 25-31). On July 29, 2011, Menard correctional staff cuffed Plaintiff behind his back, escorted him to the

---

[1] The grievance also addresses other issues that Plaintiff did not raise in the complaint and that the Court, consequently, does not address in this Order.

shower room, forced him to his knees, and removed his shower shoes (Doc. 1, p. 25). Officers then escorted Plaintiff across hot pavement in scorching temperatures (Doc. 1, p. 26). One officer, while taunting Plaintiff, hit him in the head. Plaintiff yelled, "[M]y feet! [M]y feet! [T]hey are blistered." None of the officers responded.

As Plaintiff continued walking on the hot pavement, he felt the skin on his feet begin to burn and peel back. Again, he yelled, "[M]y feet are raw!" Plaintiff begged to walk on a nearby grassy strip or in a shaded area, stating, "[P]lease! [P]lease! [M]y feet are raw." One officer told Plaintiff he could make it. Another officer warned Plaintiff that there would be problems if he stopped. Fearing retribution, Plaintiff continued (Doc. 1, p. 26).

When Plaintiff arrived at North House 2, correctional staff "tossed" him into a small visiting cage, causing an open wound near Plaintiff's right eyebrow (Doc. 1, p. 27). Staff then dragged Plaintiff out by his "blistered, raw feet," causing friction "burns" on his knees.

Plaintiff asked for medical treatment, but his requests were repeatedly denied. After three days, Plaintiff met with a doctor, who administered a painful treatment. While Plaintiff was cuffed and held down by officers, the doctor scraped away dead or oozing skin from Plaintiff's feet and knees. Plaintiff received no anesthesia or medication (Doc. 1, p. 29). The doctor then sprayed Plaintiff's wounds with a solution that caused extreme pain (Doc. 1, p. 28). He spent five days in the health care unit, where this procedure was administered repeatedly. Throughout August 2011, Plaintiff continued to suffer.

A lieutenant from Menard's internal affairs unit typed a statement summarizing the incident (Doc. 1, p. 30). The lieutenant threatened to remove Plaintiff's bandages, kick him out of the health care unit, and issue him a disciplinary ticket, if Plaintiff did not sign the summary. Reluctantly, Plaintiff signed.

**Merits Review Pursuant to 28 U.S.C. § 1915**

Under 28 U.S.C. § 1915(e)(2), the Court is required to carefully review a complaint filed by a

plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accepting Plaintiff's allegations as true, the Court finds that he has stated colorable claims under the Eighth Amendment for use of excessive force against Plaintiff (Count 1), for failure to protect Plaintiff from harm (Count 2), and for displaying deliberate indifference to Plaintiff's medical needs (Count 3). Accordingly, Plaintiff shall be allowed to proceed on Counts 1-3.

However, Plaintiff has failed to state an actionable constitutional claim for a violation of his due process rights (Count 4) based on the false disciplinary report. Allegations of false disciplinary reports do not state a claim where due process is afforded. *See Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan*, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). In the complaint, Plaintiff raises no allegations regarding his disciplinary hearing. Therefore, Count 4 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Discovering the Names of the Menard Correctional Staff Defendants**

It is impossible to pursue a claim against unidentified defendants. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (Eighth Amendment deliberate indifference claim requires identification of the culprits because the claim fails "[w]ithout minds to examine."). Thus, Plaintiff must discover the names of the Menard correctional staff defendants, in order to pursue his claims against them. It is common in prisoner cases for the plaintiff to name a high-ranking prison or jail official as a defendant for the sole purpose of identifying unknown defendants through discovery. In this case, Plaintiff has not done so. However, the Court may assist Plaintiff "by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). In order to assist Plaintiff in identifying the proper defendants in this action, the Clerk shall be directed to add Menard's current warden, Rick Harrington, as a defendant, for the sole purpose of identifying unknown defendants through discovery. Once Plaintiff discovers their names, he will be required to amend his complaint to include those defendants, and all defendants will be served with the summons and amended complaint.

**Pending Motions**

Plaintiff has filed a motion to proceed *in forma pauperis* (Doc. 2). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case.

The Court's inquiry does not end there. Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. Indeed, the statute *requires* the Court to dismiss the complaint at any time if: a) the allegation of poverty is untrue; b) the action is frivolous or

4

malicious; c) the action fails to state a claim upon which relief can be granted; or d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

Plaintiff's complaint survives § 1915 review. His sworn IFP motion establishes that he is indigent *for purposes of IFP review*. Nothing indicates that his action is frivolous or malicious. The defendants are not immune from relief. At this point, the Court cannot conclude that this action fails to state any claim upon which relief could be granted, although this does not necessarily mean that Plaintiff should prevail. Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 2).

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to United States Magistrate Judge **Philip M. Frazier** for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add **RICK HARRINGTON** as a Defendant in this action, for the sole purpose of identifying defendants through discovery.

**COUNT 4** is **DISMISSED** from this action with prejudice for failure to state a claim upon which relief can be granted.

As to **COUNTS 1, 2,** and **3,** The Clerk of Court shall prepare for Defendant **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for

formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3) and expedited discovery aimed at identifying the unknown defendants through Warden Harrington.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule

3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 24, 2013**

s/ J. Phil Gilbert<br>**U.S. District Judge**